Christyne M. Martens (WSB #7-5044)
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82002
(307) 772-2124
christyne.martens@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Criminal No. 21-CR-77-F** |
| **SALVADOR SALAS, JR.** | |
| Defendant. | |

### GOVERNMENT'S RESPONSE TO *PRO SE* MOTION FOR DETENTION REVIEW AND MOTION TO STRIKE AND VACATE SETTING

The Defendant is currently represented by counsel and has not been granted permission to engage in hybrid representation. Therefore, this court should strike his pro se pleadings and vacate the detention review hearing set for August 26, 2021.

**I.      Relevant Procedural and Factual History**

The grand jury indicted Salas on one count of possession of child pornography and five counts of production of child pornography. (Doc. 1). These charges relate to Salas drugging and filming himself sexually assaulting a thirteen-year-old girl.

On July 23, 2021, Salas appeared on his charges. (Doc. 9). David Weiss appeared on behalf of Salas on July 26, 2021. (Doc. 13). On August 16, 2021, Salas wrote a letter to this court expressing dissatisfaction with Mr. Weiss. (Doc. 27). This court considered that letter a motion for new counsel and set a hearing on it for August 24, 2021. (Doc. 30). On August 19, 2021, Salas

wrote another letter expressing his desire for pretrial release. (Doc. 28). This court set a detention review hearing for August 26, 2021. (Doc. 31).

Trial in this matter is currently set for September 27, 2021. (Doc. 18).

## II.     Law and Argument

By filing *pro se* motions, Salas appears to be engaging in hybrid representation, partly by himself and partly by his court-appointed attorney. Although a defendant has a right to represent himself or to be represented by an attorney, "no right to hybrid representation exists." *United States v. Hill*, 526 F.2d 1019 (10th Cir. 1975). The Tenth Circuit has previously held that when a defendant has the assistance of counsel, a district court need not consider *pro se* filing as there is no constitutional right to "a hybrid form of representation." *United States v. Sandoval-De Lao*, 283 F.3d. Appx. 621, 625 (10th Cir. 2008) (unpub.); *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir.1995); *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir.1976). Although it's possible that Salas could at one point represent himself, he has only expressed a desire for a different attorney at this point.

Because the Salas is currently represented by counsel, the Government requests the court to strike his *pro se* motion for a detention review hearing. If Salas wishes for his detention to be reviewed, that motion should be brought by counsel.

## III.     CONCLUSION

WHEREFORE, the United States moves the Court to strike the Defendant's *Pro Se* motion to for a detention review hearing and vacate the setting on that motion.

Respectfully submitted this 23rd day of August, 2021.

L. ROBERT MURRAY
Acting United States Attorney

By:     */s/ Christyne M. Martens*
CHRISTYNE M. MARTENS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 23rd day of August, 2021, a true and correct copy of the foregoing document was electronically filed and consequently served upon Counsel of Record via the Court's Electronic Filing System.

    */s/ Andi M. Shaffer*
UNITED STATES ATTORNEY'S OFFICE