Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
307-261-5434 (phone)
307-261-5471 (fax)
christyne.martens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Criminal No. 21-CR-77-S |
| **SALVADOR SALAS, Jr.,** | |
| **Defendant.** | |

## GOVERNMENT'S PRETRIAL MEMORANDUM

The Government submits the following as its pretrial memorandum in this matter.

I.   **INTRODUCTION AND STATUS OF THE CASE**

  A.   **Trial status**

The trial in this matter is scheduled to begin on Monday, January 23, 2023, at 9:00 a.m., before the Honorable Scott W. Skavdahl, Chief Judge, United States District Court Judge. The Government estimates that it will take four and a half days to present its case in chief. The Government anticipates calling 20 witnesses in its case-in-chief. The parties have made no stipulations.

  B.   **Charges**

### COUNT ONE

On or about March 2, 2021, in the District of Wyoming, the Defendant, **SALVADOR SALAS, JR.**, did knowingly possess material which contains images of child pornography, as

defined in Title 18, United States Code, Section 2256(8)(A), that involve prepubescent minors, and which were produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, namely, the Defendant possessed a Sony laptop computer, model PCG-7142L, serial number C6U0B6V6, containing a single 160 GB SATA Hitachi hard disk drive, product number 0A57353, serial number 080807FB2200LCCGH69A, a product of Thailand, a 4TB Seagate Expansion Desktop Drive, product number 1TFAP3, serial number NAAB2F5N, a product of Thailand, and an Apple iPhone 7 Plus, model number A1661, serial number F2LSQFSJHFXW, a product of China, that contains digital images depicting prepubescent minors engaged in sexually explicit conduct.

In violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## COUNT TWO

On or about February 27, 2021, in the District of Wyoming, the Defendant, **SALVADOR SALAS, Jr.**, knowingly used, persuaded, induced, enticed, and coerced a minor, S.V., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely video IMG_4576.MP4, said visual depiction having been produced using material, including an Apple iPhone 7 Plus, a product of China, that had been mailed, shipped or transported in and affecting interstate or foreign commerce.

In violation of 18 U.S.C. § 2251 (a), (e).

## COUNT THREE

On or about February 27, 2021, in the District of Wyoming, the Defendant, **SALVADOR SALAS, Jr.**, knowingly used, persuaded, induced, enticed, and coerced a minor, S.V., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely video IMG_4577.MP4 and IMG_4578.MP4, said visual depictions having been produced using material, including an Apple iPhone 7 Plus, a product of China, that had been mailed, shipped or transported in and affecting interstate or foreign commerce.

In violation of 18 U.S.C. § 2251 (a), (e).

## COUNT FOUR

On or about February 27, 2021, in the District of Wyoming, the Defendant, **SALVADOR SALAS, Jr.**, knowingly used, persuaded, induced, enticed, and coerced a minor, S.V., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely video IMG_4580.MP4, said visual depiction having been produced using material, including an Apple iPhone 7 Plus, a product of China, that had been mailed, shipped or transported in and affecting interstate or foreign commerce.

In violation of 18 U.S.C. § 2251 (a), (e).

## COUNT FIVE

On or about February 27, 2021, in the District of Wyoming, the Defendant, **SALVADOR SALAS, Jr.**, knowingly used, persuaded, induced, enticed, and coerced a minor, S.V., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely video IMG_4592.MOV, said visual depiction having been produced using material, including an Apple iPhone 7 Plus, a product of China, that had been mailed, shipped or transported in and affecting interstate or foreign commerce.

In violation of 18 U.S.C. § 2251 (a), (e).

## COUNT SIX

On or about February 27, 2021, in the District of Wyoming, the Defendant, **SALVADOR SALAS, Jr.**, knowingly used, persuaded, induced, enticed, and coerced a minor, S.V., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, namely photographs, said visual depiction having been produced using material, including an Apple iPhone 7 Plus, a product of China, that had been mailed, shipped or transported in and affecting interstate or foreign commerce.

In violation of 18 U.S.C. § 2251 (a), (e).

To obtain a conviction on these counts, the United States must prove the following elements beyond a reasonable doubt:

Count One: Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2)

1. on or about March 2, 2021;
2. In the District of Wyoming;
3. The Defendant knowingly possessed any matter that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8), that involve prepubescent minors; and
4. That such child pornography had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce; and
5. The Defendant knew that such items constituted child pornography.

Counts Two through Six: Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e)

1. On or about February 27, 2021;
2. In the District of Wyoming;
3. The Defendant;
4. Knowingly used a person under the age of eighteen;
5. To engage in sexually explicit conduct;
6. The Defendant acted with the purpose of producing a visual depiction of that conduct; and
7. The visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

## II.   THE GOVERNMENT'S PROOF

The Government anticipates that the testimony and other evidence will show that on February 28, 2021, Chelsea Gonzalez took her 13-year-old daughter, SV, to the Wyoming Medical Center. Ms. Gonzalez believed her daughter was high on methamphetamine. Dr. Ryan Benson, an emergency room doctor with the Wyoming Medical Center, will testify that he observed behavior in SV that was consistent with methamphetamine use and observed burn marks on SV's lips consistent with methamphetamine use. Dr. Benson ordered a urinalysis, and the results were positive that SV was under the influence of methamphetamine.

Ms. Gonzalez will testify that she knew Salvador Salas and that she considered him a friend. Ms. Gonzalez will testify that SV had gone to Salvador Salas's home to babysit and help him with his graphic design business. SV was expected to spend the night of February 27, 2021,

at Salas's home.  That evening, Salas sent Ms. Gonzalez odd text messages that SV's bottom lip was swelling and advising her that he was running to Walmart to get medicine because he thought SV had a reaction to something. Salas assured Ms. Gonzales that everything was fine. At about 3:30 a.m. on February 28th, Ms. Gonzalez was awoken by loud noises and found SV at home behaving strangely, shaking, and not making sense, so she took SV to the emergency room. There, she filmed her daughter's behavior and the burns on her mouth. After the emergency room visit in which Dr. Benson concluded SV was under the influence of methamphetamine, Ms. Gonzalez requested that SV be taken to the Wyoming Behavioral Institute.

Believing that Salas had supplied drugs to a minor, the Casper Police Department executed a search warrant on March 2, 2021, at Salas's home for evidence of drug use and distribution. Salas and his girlfriend were present at the residence during the search. Officers recovered methamphetamine, paraphernalia associated with methamphetamine use, cocaine, and buprenorphine. The same day, officers executed a second search warrant at Salas's home and collected his electronic devices.

Department of Homeland Security Computer Forensic Analyst Caleb Forness from the Wyoming Internet Crimes Against Children Task Force (ICAC) analyzed the electronic devices and found child pornography that had been downloaded from the internet. CFA Forness also found five videos and approximately 50 photographs of SV. These images depict Salas engaged in oral, anal, and vaginal sex with SV.  In the audio that accompanies the videos, Salas can be heard talking to SV about the fact that she is 13 years old. Wyoming Behavioral Institute screened SV for sexually transmitted infections, and she tested positive for chlamydia.

Salas was arrested on March 31, 2021, and, after receiving a *Miranda* warning, consented to speaking with officers. During his video recorded interview, Salas admitted to engaging in sexual acts with 13-year-old SV and to taking video/photographs.

As part of the follow up investigation, Salas was screened for sexually transmitted diseases, and he tested positive for chlamydia. Ms. Gonzalez retrieved clothing that SV had worn while at Salas's residence and provided it to the Casper Police Department. Testing of SV's clothes revealed semen and Salas's DNA on her panties.

## III.   DISCOVERY

The United States believes that it has complied with its discovery obligations under the Constitution, pertinent statutory provisions and rules of criminal procedure, and the discovery order in this matter. (Doc. 19).

## IV.   EVIDENTIARY ISSUES

### A.   Limitation on the public display of child pornography

During its case-in-chief, the Government will introduce images and/or video clips depicting SV and other minors engaged in sexually explicit conduct. Before publishing exhibits containing such material, the Government will request that the Court limit the display of the images and video clips to the jury, testifying witness, the Defendant, counsel for the parties, and not publish or otherwise display such evidence in a manner that would permit members of the gallery to view it. Although the Government does not seek a closure of the courtroom when the child pornography is published to the jury, it nevertheless believes that such a limitation will spare the minor victim and her family from further embarrassment and traumatization.

To help minimize the display of child pornography, the Government has created a sanitized version of its exhibits that may be used without such limitations.

### B.   Expert testimony is not required to prove a minor is a minor

Jurors may determine for themselves, without the aid of expert testimony, whether the individuals pictured in alleged child pornography images are minors. *United States v. Haymond*, 672 F.3d 948, 960 (10th Cir. 2012).

The Government also intends to illicit testimony from SV's mother, Chelsea Gonzalez, regarding her age.

### C.      Notice of Defenses under Fed. R. Crim. P. 12.1, 12.2, and 12.3

Under this Court's discovery order, the deadline for the Defendant to provide any notice of an alibi defense under Rule 12.1, an insanity defense under Rule 12.2, and a public authority defense under Rule 12.3 was December 19, 2022, or thirty-five days prior to trial. (Doc. 19 at ¶ 13). No such notice has been provided and these defenses should not be allowed.

### D.      Authentication and Foundation

#### 1.      Fed. R. Evid. 901

Federal Rule of Evidence 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *United States v. Durham*, 902 F.3d 1180, 1232 (10th Cir. 2018). Under Rule 901(a), evidence should be admitted, despite any challenge, once the Government makes a prima facie showing of authenticity or identification so "that a reasonable juror could find in favor of authenticity or identification ... [because] the probative force of the evidence offered is, ultimately, an issue for the jury." *United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985).

To be admitted into evidence, a physical exhibit must be in substantially the same condition as when the crime was committed. *United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir. 1989). This determination is to be made by the trial judge and will not be overturned except for clear abuse of discretion. Factors the court may consider in making this determination include the nature of the item, the circumstances surrounding its preservation, and the likelihood of intermeddlers having tampered with it. *Id.*, s*ee also Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960).

"When 'evidence is unique, readily identifiable and relatively resistant to change, the foundation need only consist of testimony that the evidence is what its proponent claims.'" *United States v. Johnson*, 977 F.2d 1360, 1367 (10th Cir.1992) (citing *United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir.1989)). Even when not readily identifiable and resistant to change, there is no rule requiring that the United States must produce all persons who had custody of the evidence to testify at trial. *See United States v. Cardenas*, 864 F.2d 1528, 1532 (10th Cir. 1989); *Gallegos v. United States*, 276 F.2d 914, 917 (9th Cir. 1960); *see also Pasadena Research Laboratories v. United States*, 169 F.2d 375, 381 (9th Cir. 1948), cert. denied, 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401 (1948). The chain of custody need not be perfect for the evidence to be admissible. *United States v. Yeley-Davis*, 632 F.3d 673, 683 (10th Cir. 2011) (citing *Cardenas*, 864 F.2d at 1530). Even "[w]here the chain of custody is imperfect, deficiencies ... go to the weight of the evidence, not its admissibility; once admitted, the jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence." *United States v. Smith*, 534 F.3d 1211, 1225 (10th Cir. 2008).

In this case, no stipulations regarding the chain of custody for any evidence has been reached. Regardless, the Government need not establish all links in the chain of custody of an item or call all persons who were in a position to come into contact with it. *Cardenas*, 864 F.2d at 1531. Alleged gaps in the chain of custody go to the weight of the evidence rather than to its admissibility. *Id.*; *see also United States v. Taylor*, 716 F.2d 701, 711 (9th Cir. 1983). A duplicate is admissible to the same extent as the original, unless there is a genuine question as to the authenticity of the original or it would be unfair under the circumstances to admit the duplicate in lieu of the original. *See* Fed. R. Evid. 1003; *United States v. Phillips*, 543 F.3d 1197, 1203-04 (10th Cir. 2008); *United States v. Smith*, 893 F.2d 1573, 1579 (9th Cir. 1990).

## 2. Digital Evidence

Electronic exhibits need only be supported by a "foundation from which the jury could reasonably find that the evidence is what the proponent says it is." The court need not find that the evidence is necessarily what the proponent claims, but only that there is sufficient evidence that the jury ultimately might do so." *United States v. Johnson*, 977 F.2d 1360, 1367 (10th Cir. 1992) (Chain of custody need not be perfect. After prima facie foundation established, deficiencies in chain of custody go to weight of evidence, not admissibility.); *United States v. Safavian*, 435 F. Supp. 2d 36, 38 (D.D.C. 2006) (citations omitted). As with paper documents, the mere possibility of alteration is not sufficient to exclude electronic evidence; absent specific evidence of alteration, such possibilities go only to the evidence's weight, not admissibility. *See United States v. Lanzon*, 639 F.3d 1293, 1307 (11th Cir. 2011) (document transferred from original format to Microsoft Word was authenticated, despite defense argument that this may have "le[d] to possible manipulation and error"); *United States v. Salcido*, 506 F.3d 729, 733 (9th Cir. 2007) (testimony about chain of custody of child pornography following seizure sufficient).

The Government intends to introduce video recordings with audio captured during the investigation in this case. Recordings are admissible upon a showing that "the recording is accurate, authentic and generally trustworthy." *United States v. King*, 587 F.2d 956, 961 (9th Cir. 1978).

For example, testimony that a video recording depicts events that the witness observed is sufficient to authenticate the recording. *United States v. Durham*, 902 F.3d at 1232-33; Fed. R. Evid. Rule 901(b) (a party may authenticate evidence through "[t]estimony [of a witness with knowledge] that a matter is what it is claimed to be"); *United States v. Smith*, 591 F.3d 974, 979-80 (8th Cir. 2010) (applying Rule 901(b), holding that trial testimony of forensic examiner identifying a DVD as a recording of her forensic interview of child and indicating that the DVD was an accurate recording of the interview was sufficient to authenticate the DVD).

Recordings may be authenticated by persons not party to the matter or event recorded (*e.g.*, surveillance footage captured while the witness was not physically present), as long as the person provides testimony satisfying the prima facie showing required under Rule 901. *See United States v. Sivils*, 960 F.2d 587, 597 (6th Cir. 1992) (audio tapes authenticated by testimony regarding routine checks of the recording equipment by federal agents and chain of custody of tapes once recorded); *United States v. Rembert*, 863 F.2d 1023 (D.C. Cir. 1988) (ATM surveillance footage authenticated by testimony about installation and operation of camera and chain of custody); *United States v. Louis*, 2011 WL 6255152 at *4 (D. Virgin Islands 2011) ("[V]ideo evidence may be authenticated by testimony regarding the type of equipment or camera used, its general reliability, the quality of the recorded product, the process by which it was focused, or the general reliability of the entire system.") (internal quotation marks omitted).

### E. Demonstrative Exhibits and Summaries

The Government intends to admit demonstrative and summary exhibits prepared by its expert, Caleb Forness, which aid CFA Forness in educating the jury on computer forensic analysis of the devices at issue and help explain the basis for the opinions he will offer, mainly that the devices belonged to Salas. The Government intends to separately introduce these exhibits into evidence.

Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Federal Rule of Evidence 1001(d) defines an "original" of electronically stored information as "any printout—or other output readable by sight—if it accurately reflects the information." The information upon which the summary is based must itself be admissible, though it need not be admitted. *United States v. Channon*, 881 F.3d 806, 810 (10th Cir. 2018).

The Tenth Circuit has "held that it is within the discretion of the Trial Court, absent abuse working to the clear prejudice of the defendant, to permit the display of demonstrative or illustrative exhibits admitted in evidence both in the courtroom during trial and in the jury room during deliberations." *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974). The Tenth Circuit has stated "that the submission of papers, documents or articles, whether or not admitted in evidence, to the jury for view during trial or jury deliberations, accompanied by careful cautionary instructions as to their use and limited significance, is within the discretion accorded the Trial Court in order that it may guide and assist the jury in understanding and judging the factual controversy." *Id.* at 321.

### F. Statements and Recordings

#### 1. Excerpts of Recorded Conversations

The Government intends to play for the jury excerpts of the Defendant's *Mirandized* and video recorded interview. The introduction of excerpts of the conversations is appropriate to avoid introducing unduly lengthy discussions that are not pertinent to the Government's case-in-chief. *See* Fed. R. Evid. 106, 402, 403, 611(a). Such selectivity is subject only to the limitation of the rule of completeness, Fed. R. Evid 601, which permits an adverse party to require the inclusion of "any other part or any other ... recorded statement which ought in fairness to be considered contemporaneously with it." This rule applies only if the portion sought to be introduced is unfairly misleading and requires clarification. *See United States v. Lopez-Medina*, 596 F.3d 716, 734-35 (10th Cir. 2010); *United States v. Dorrell*, 758 F.2d 427, 434-35 (9th Cir. 1985); Fed. R. Evid. 106, Advisory Committee Note.

Rule 106 does not compel the admission of otherwise inadmissible hearsay evidence and the court may properly exclude such evidence except where its introduction is as a matter of fairness and absolutely necessary. *Lopez-Medina*, 596 F.3d at 735-36; *United States v. Harry*, 816 F.3d 1268, 1279-80 (10th Cir. 2016). The rule of completeness does not permit a defendant

11

automatically to elicit exculpatory statements through another that would permit him to "back-door" his statements into the case without subjecting himself to cross-examination. *United States v. Williston*, 862 F.3d 1023, 1038-39 (10th Cir. 2017) (rule of completeness does not provide vehicle for defendant to admit into evidence his own prior, hearsay statements - allowing that would compromise adversarial system of justice); *United States v. Ortega*, 203 F.3d 675, 683 (9th Cir. 2000).

### 2. Defendant's Statements

Under the Federal Rules of Evidence, a defendant's statement is admissible as a party admission if offered against him. Fed. R. Evid. 801(d)(2)(A). However, a defendant may not elicit his own prior statements from a witness because they are hearsay when offered by him. Fed. R. Evid. 801(d)(2). By eliciting some of the defendant's prior statements, the Government does not thereby open the door to the defendant to put in other out-of-court statements. The "rule of completeness," Fed. R. Evid. 106, does not apply to conversations that are not written or recorded. *See Williston,* 862 F.3d at 1038-39; *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

The recordings of the Defendant's statements will necessarily include the other speaker's portion of the conversation, for example, the interviewing officer's statements. However, such statements are not hearsay because they are not offered for the truth of the matter asserted. Instead, they are offered to make Salas's statements intelligible and are, by definition, not hearsay. Fed. R. Evid. 801(c).

### G. Cross-Examination of the Defendant

A defendant who testifies at trial waives his right against self-incrimination and subjects himself to cross-examination concerning all matters reasonably related to the subject matter of his testimony. The scope of a defendant's waiver is coextensive with the scope of relevant cross-examination. *McGautha v. California*, 402 U.S. 183, 215 (1971); *Hain v. Gibson*, 287 F.3d 1224, 1241-42 (10th Cir. 2002); *United States v. Cuozzo*, 962 F.2d 945, 948 (9th Cir. 1992); *United*

*States v. Black*, 767 F.2d 1334, 1341 (9th Cir. 1985) ("[w]hat the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony"). Additionally, Fed. R. Evid. 404(b) does not proscribe the use of other act evidence as an impeachment tool during cross-examination. *United States v. Gay*, 967 F.2d 322 (9th Cir. 1992).

Additionally, the Government intends to cross examine the Defendant on his prior felony convictions if he chooses to testify as permitted by Federal Rule of Evidence 609.

### H. Medical testing and hearsay

Dr. Benson relied on the urinalysis preformed on SV in the emergency room as part of his diagnosis of methamphetamine intoxication, and the Government intends to illicit his testimony regarding that result. As an expert, Dr. Benson may discuss the basis of his opinion before the jury. Fed. R. Evid. 703. The rule against hearsay does not bar statements made for medical diagnosis or treatment. Fed. R. Evid. 803(4). The urinalysis was performed as part of SV's medical treatment and not for the purpose of later prosecution. Thus, the urinalysis results are not testimonial under the Confrontation Clause. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 n.2 (2009) (medical reports created for treatment purposes are not testimonial). Consequently, Dr. Benson may testify that he relied on SV's urinalysis, which was positive for methamphetamine, to diagnose her as intoxicated on methamphetamine.

## V. WITNESS EXCLUSION AND CASE AGENT DESIGNATION

The United States will move for the exclusion of witnesses under Fed. R. Evid. 615. However, the Government would request that Casper Police Department Detective Kerri Patrick be exempt from the exclusion order, under Fed. R. Evid. 615. *See* also *United States v. Avalos*, 506 F.3d 972, 978 (10th Cir. 2007), *overruled on other grounds*, *Chambers v. United States,* 129 U.S. 687 (2009). The United States believes Detective Patrick should be excepted from any

sequestration order as her knowledge of the case qualifies her as essential to counsel in understanding the case properly and the Government does not intend to call her as a witness. *See*, *e.g.*, *United States v. Seschillie*, 310 F.3d 1208 (9th Cir. 2002).

## VI.   CONCLUSION

The foregoing is a summary of points the United States anticipates may arise at trial. Should any legal issues arise that have not been covered in this trial brief, the United States respectfully requests leave to submit such further memoranda as may be necessary.

**DATED** this 18th day of January, 2023.

Respectfully submitted,

NICHOLAS VASSALLO
Acting United States Attorney

By:     */s/ Christyne M. Martens*
CHRISTYNE M. MARTENS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023, the foregoing was electronically filed and consequently served on defense counsel via the CM/ECF, the Court's Electronic Filing System.

*/s/ Andi M. Shaffer*
UNITED STATES ATTORNEY'S OFFICE

14